■ In the Matter of the DEPARTMENT OF SOCIAL SERVICES OF JEFFERSON COUNTY, on Behalf of SALLY COLLETTE, Appellant, v THOMAS OVERDORF, Respondent.—Order unanimously reversed, on the law, without costs, and order approving paternity agreement reinstated. Memorandum: Family Court erred in vacating its prior order of filiation on its own motion without notice to the parties and ordering a trial on the issue of paternity. First, the court was without authority to vacate its prior order nine months after its entry, upon its own motion, and without notice to the parties *(see,* CPLR 2221,

4404 [b]; 4405, 5015 [a] [2]). Second, the paternity agreement entered into between the parties is conclusive on the rights of the parties (Family Ct Act § 516; *Auleta v Bernadin,* 113 Misc 2d 526), and the court did not have their consent to overturn it. Third, the evidence of the mother's marriage, without proof of access by the husband, is not such evidence as in all probability would have produced a different result *(see, Matter of Elizabeth E. v Leary,* 63 Misc 2d 857, 860-861). Fourth, the mother's husband is not a necessary party to a paternity proceeding brought by the Department of Social Services *(Commissioner of Public Welfare of City of N. Y. v Koehler,* 284 NY 260, 266-267). Finally, the fact of the mother's marriage at the time of conception, although raising a strong presumption of legitimacy in a contested paternity proceeding, can neither absolutely bar the acknowledged natural father's rights nor absolutely insulate him from his legal obligations *(see,* Family Ct Act §§ 522, 531; *cf. Caban v Mohammed,* 441 US 380; *Gomez v Perez,* 409 US 535, 538). (Appeal from order of Jefferson County Family Court, Gilbert, J.—paternity.) Present—Hancock, Jr., J. P., Callahan, Denman, Boomer and Green, JJ.