■ In the Matter of the DEPARTMENT OF SOCIAL SERVICES, on Behalf of TROY C., Respondent, v JANICE T., Appellant.—In a neglect proceeding pursuant to Family Court Act article 10, the appeal is from an order of the Family Court, Nassau County (Capilli, J.), dated October 5, 1987, which directed the appellant to undergo an examination for acquired immune deficiency syndrome (hereinafter AIDS).

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, that application is referred to Justice Brown, and leave to appeal is granted by Justice Brown, and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the provision

directing the appellant to undergo an examination for AIDS is deleted.

Following the appellant's failure to appear during a child neglect proceeding in which it was alleged that the child in appellant's custody was not attending school on a regular basis, a warrant was issued for her arrest. When a Deputy Sheriff attempted to execute the warrant, the appellant bit him on his wrist causing puncture wounds. The appellant was subsequently charged with assault in the second degree.

Under the circumstances of this case, we find that the Family Court abused its discretion in directing that the appellant undergo testing for AIDS. Family Court Act § 1038-a upon which the court purportedly relied, as well as Family Court Act § 251 pursuant to which it ordered a physical, psychiatric and psychological examination of the appellant authorizes such examinations when the results of the testing are reasonably related to establishing the allegations contained in the petition before the Family Court. In the instant case, as the court itself stated, "[t]he AIDS test * * * has nothing to do with the child [it is being ordered because] at the time the [appellant] was apprehended she bit an officer carrying out his duties * * * and based on that, I am ordering the AIDS test".

The record is devoid of any evidence whatever that the appellant had or was suspected of having AIDS. In the recently released "Guidelines for the Handling of a Court Appearance Involving a Person Afflicted with an Infectious Disease", the Office of Court Administration has suggested that "In any case in which a person believed to have AIDS, the AIDS virus, or any infectious disease is due to appear in court, the judge presiding should inquire as to the basis on which it is believed that the person is so infected * * * [A]nd the judge's findings should be conveyed to counsel and court personnel" (NYLJ, Jan. 14, 1988, at 3, cols 2-3).

Since it made no inquiry as to the basis on which it was suspected that the appellant had AIDS, if indeed there existed any such suspicion, and since the results of the testing were unrelated to the pending neglect petition, the Family Court should not have directed the appellant to undergo testing for AIDS. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.