OPINION OF THE COURT
Dan Lamont, J.
An indictment has been filed against the defendant accusing him of the crimes of rape in the first degree (2 counts), sodomy in the first degree (2 counts), sexual abuse in the first degree *1073 (2 counts), and burglary in the second degree. The charges are that defendant on November 18, 1987 knowingly entered unlawfully in a dwelling with intent to commit the crimes of rape and sodomy therein, and engaged in sexual intercourse and deviate sexual intercourse with a female by forcible compulsion.
On April 21, 1988 the defendant entered a plea of guilty to attempted rape in the first degree in violation of sections 110.00 and 130.35 (1) of the Penal Law, a class C violent felony, in full satisfaction of the charges against him. The defendant will be sentenced as a second violent felony offender to an indeterminate sentence of imprisonment having a maximum term of 15 years and a minimum of 7 years, 6 months.
The People move this court for an order pursuant to CPL 240.40 (2) (b) (v) and the case of Schmerber v California (384 US 757 [1966]) allowing the People to obtain, through safe and reliable and by minimally intrusive means, a blood sample from defendant for the purpose of determining whether defendant has been exposed to the virus known as Acquired Immune Deficiency Syndrome (AIDS). The defendant has opposed such request by the People, claiming that such blood test constitutes an unlawful search and seizure under US Constitution Fourth Amendment and claiming further that the result thereof could expose him to further criminal prosecution.
The defendant back on August 14, 1978 was convicted in County Court, Nassau County, of the crime of attempted rape in the first degree, and on December 21, 1978 was sentenced to an indeterminate sentence of imprisonment having a maximum term of 10 years. Thereafter, as a result of defendant’s sentence to incarceration and at least one parole revocation hearing, defendant spent a substantial number of years in State prison. He was reparoled on April 7, 1987, with a maximum expiration date of May 13,1989.
The evidence presented to the Grand Jury establishes that defendant forcibly and repeatedly engaged in acts of sexual intercourse and oral sodomy with the victim, and did thereby expose said victim to his body and sexual fluids.
The victim is concerned and desirous of knowing whether or not she may have possibly been exposed to the AIDS virus as a result of being forcibly raped and sodomized by the defendant.
CPL 240.40 (2) (b) (v) provides as follows:
"Upon motion of the prosecutor, and subject to constitu *1074 tional limitation, the court in which an indictment * * * is pending * * *
"(b) may order the defendant to provide non-testimonial evidence. Such order may, among other things, require defendant to * * *
"(v) Permit the taking of samples of blood, hair or other materials from his body in a manner not involving an unreasonable intrusion thereof or a risk of serious physical injury thereto”.
This court takes judicial notice of the fact that the virus generally known as Acquired Immune Deficiency Syndrome is spread from person to person by the transfer of body fluids, including sexual fluids, and that a person’s exposure to the AIDS virus may be detected by an analysis of his blood conducted by trained medical-scientific experts, commonly known as the "AIDS Antibody Test” — but that such exposure may not be detectable for several months or years after the incident or exposure. This court further takes judicial notice of the fact that AIDS exposure is markedly more prevalent among the State prison population than among the general population.
The Fourth Amendment of the US Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated” (emphasis supplied). For the reasons which follow, this court holds and determines that the People’s motion to obtain a blood sample from defendant for testing to determine whether the defendant has been exposed to the AIDS virus is entirely reasonable and proper.
On April 28, 1988, the United States Senate unanimously approved mandatory AIDS testing of people convicted of sex and drug crimes. The vote was 97 to 0. Under the Senate measure, anyone convicted of a State or Federal crime related to sex or intravenous drugs, carrying a penalty of death or at least a year in prison, would be tested. Results would be confidential, but could be disclosed to prison wardens and/or victims of sex crimes.
Presumptively, a vote of 97 to 0 in the United States Senate reflects a considered political and public judgment by the elected representatives of the People as to the precise issue presently before this court.
Considering the equities of this entire situation, this court holds and determines that the victim has a right to know *1075 whether she may have been exposed to the AIDS virus by reason of having been exposed to the body and sexual fluids of the defendant. This court finds and determines that it has inherent discretionary power to order the defendant to submit to such a blood test simply because it is the intelligent humane, logical, and proper course of action under the circumstances. The mental anguish suffered by the victim knowing that she was forcibly raped and sodomized by a former inmate of the New York State Department of Correctional Services is real and continuing, and the intrusion upon defendant of a routine drawing of a blood sample is very minimal and commonplace.
Hopefully, the result of such a blood test will be negative, thereby relieving the victim of her understandable anxiety. In the unlikely event that the AIDS test of defendant’s blood were to prove positive, the defendant could indeed be eventually subjected to a prosecution for depraved indifference murder. However, if the defendant is afflicted with the AIDS virus, he may already be subject to a death sentence which could well claim his life long before he ever serves 7½ years in State prison.
This court holds and determines that the People’s motion should be granted in all respects, and that the defendant will be required to permit the taking of samples of blood from his body in a manner not involving an unreasonable intrusion thereof, or a risk of serious physical injury thereto. The results of such AIDS Antibody Test shall be disclosed not only to the defendant, but also to the victim of the defendant’s crimes. In the event that the test for AIDS were positive, the results will also be disclosed to the New York State Department of Correctional Services.