OPINION OF THE COURT
Memorandum.
Order dated April 23, 1990, which directed tenant to pay rent after the satisfaction of the underlying judgment, unanimously reversed with costs.
*946 Appeal from order of May 31, 1990, the judgment entered pursuant thereto dated June 5, 1990, and appeal from the order of July 5, 1990, dismissed as academic.
In this nonpayment proceeding, tenant stipulated to pay rent arrears up to and including rent due for December 31, 1989. An order dated March 27, 1990, stayed the execution of a warrant of eviction until April 9, 1990, to permit tenant to tender the rent due under the stipulation. Petitioner apparently refused to accept that tender, unless tenant added the rent due since the time of the stipulation. The court below granted tenant’s motion to satisfy the underlying judgment in its order of April 23, and in addition, directed tenant to pay the rent from January through April of 1990. We find this procedure improper.
Two cases from the Appellate Term, First Department, bear directly in point herein. In 141 E. 3rd St. Co. v Munoz (NYLJ, Apr. 24, 1990, at 22, col 2) the court stated: "Since the tenant in this nonpayment proceeding did in fact timely pay the amount of the final judgment in accordance with the payment schedule set forth in the court’s order of Jan. 6, 1988, we view the judgment as satisfied, and any warrant issued thereunder is now vacated. To the extent the court in its Jan. 6, 1988 order purported to require tenant to 'pay all future rent timely’ as a condition of restoring tenant to possession, the court acted improperly and without authority * * *. If there has been a default in the payment of subsequent rent — an issue we do not reach here — landlord may pursue its remedies in a new proceeding.” To the same effect, see WLS Assocs. v Linger (NYLJ, Oct. 26, 1988, at 21, col 2).
In the case at bar, once the tenant satisfied the underlying judgment, the jurisdiction of the court in this nonpayment proceeding was terminated and the warrant of eviction should have been vacated. This is especially so in this case, where the tenant, while agreeing to the stipulation, was apparently unaware of her right to raise the defense of breach of warranty of habitability, which a subsequent inspection by HUD established to be valid. By entering a judgment without holding a hearing or permitting tenant to have a trial on the issues, the court below, compounded its error and denied *947 tenant due process of law (see, Cindy Realty Co. v Fellows, NYLJ, Sept. 1, 1987, at 14, col 4 [App Term, 2d & 11th Jud Dists]; Williams v Britt, NYLJ, Mar. 11, 1980, at 11, col 6 [App Term, 9th & 10th Jud Dists]).
Kassoff, P. J., Pizzuto and Santucci, JJ., concur.