*960 OPINION OF THE COURT
Herbert B. Ray, J.
The Law Guardian of Harry G., an eight-year-old child who has allegedly been abused and neglected by Nicole F., also known as George G., Jeffrey F. and Roy P., has moved for an order of discovery pursuant to Family Court Act § 1038-a. Specifically, the Law Guardian seeks an order to compel respondent Roy P. to submit to testing to discover whether he is HIV positive. The Law Guardian posits two bases for such an order. First, his client has expressed fear that he "has HIV because of respondent Roy P. having anally penetrated him”. Second, the Law Guardian asserts the transmission of the AIDS virus may be a separate act of abuse with which respondent Roy P. could be charged.
New York has enacted legislation which closely regulates HIV related testing and the release of confidential HIV related information (L 1988, ch 584, eff Feb. 1, 1989). An "HIV related test” is defined as "any laboratory test or series of tests for any virus, antibody, antigen or etiologic agent whatsoever thought to cause or to indicate the presence of AIDS” (Public Health Law § 2780 [4]). The Law Guardian’s request is for a compulsory "HIV related test” within the meaning of the Public Health Law.
A court’s power to order an HIV related test is limited. Public Health Law § 2781 (1) reads as follows: "Except as provided in section three thousand one hundred twenty-one of the civil practice law and rules, or unless otherwise specifically authorized or required by a state or federal law, no person shall order the performance of an HIV related test without first receiving the written, informed consent of the subject of the test.”
It is assumed from the Law Guardian’s application that Roy P. is not willing to provide his consent to testing. The Law Guardian asserts that Family Court Act § 1038-a provides specific authorization for such a court order. Family Court Act § 1038-a provides the court with discretion to order a respondent "to provide nontestimonial evidence, only if the court finds probable cause that the evidence is reasonably related to establishing the allegations in a petition filed pursuant to this article.” There is no basis set forth in the pleadings or in counsel’s affidavit to believe that the respondent has AIDS nor is any nexus shown between the allegations in the petition and the need given for testing. (Matter of Department of *961 Social Servs. v Janice T., 137 AD2d 527.) The language of Family Court Act § 1038-a clearly does not provide authority for a court to direct testing to determine whether additional counts of abuse could be added to the petition.
Based upon the foregoing, it is,
Ordered that the Law Guardian’s application pursuant to Family Court Act § 1038-a for a compulsory HIV test of respondent Roy P. must be denied unless written consent is supplied to the court.