■ In the Matter of DONALD P., Petitioner, v DANIEL R. PALMIERI, as Justice of the County Court of the County of Nassau, Respondent. [668 NYS2d 218] —Motion to reargue a proceeding pursuant to CPLR article 78 in the nature of prohibition which was determined by decision and judgment of this Court dated July 29, 1996 (*Matter of Donald P. v Palmieri,* 229 AD2d 584).

Ordered that the motion is granted, and, upon reargument, it is

Ordered that the decision and judgment of this Court, dated July 29, 1996 (229 AD2d 584, *supra),* is recalled and vacated, and the following decision and order is substituted therefor:

Proceeding pursuant to CPLR article 78 in the nature of prohibition to enjoin the Honorable Daniel R. Palmieri, a Judge of the County Court, Nassau County, from enforcing an order of that court, dated March 29, 1996, made in a criminal action entitled *People v Donald P.,* under Indictment No. 93056, directing the petitioner to submit to an HIV test pursuant to CPL 390.15 (1) (a), upon his conviction of attempted sexual abuse in the first degree.

Upon the petition, the papers filed in support of the proceeding, and the papers filed in opposition thereto, it is

Adjudged the petition is granted, without costs or disbursements, and the respondent is prohibited from enforcing the order dated March 29, 1996.

The petitioner was indicted on charges of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree (*see,* Penal Law § 130.35 [1]; § 130.50 [1]; § 130.65 [1]). He testified before the Grand Jury that he had sexual in-

tercourse with the complainant but claimed that the acts were consensual. The charges in the indictment were reduced (see, CPL 210.20), and the petitioner was permitted to plead guilty to attempted sexual abuse in the first degree based on his admission that he attempted forcible sexual contact with the complainant. Before sentence was imposed, the complainant applied to the court for an order pursuant to CPL 390.15 requiring the petitioner to submit to Human Immunodeficiency Virus (hereinafter HIV) testing. The court granted the application (see, People v Doe, 169 Misc 2d 29) and thereafter imposed sentence. The petitioner commenced this proceeding pursuant to CPLR article 78 in which he contends that the County Court lacked authority under the statute to order him to submit to HIV testing.

We conclude that a proceeding in the nature of prohibition is the appropriate vehicle to address the petitioner's claim. "Prohibition may be maintained solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction * * * and then only when the clear legal right to relief appears and, in the court's discretion, the remedy is warranted" (Matter of Schumer v Holtzman, 60 NY2d 46, 51; see also, Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786). The writ will not lie if another adequate legal remedy is available (see, Matter of Town of Huntington v New York State Div. of Human Rights, supra).

The HIV test in the instant case was not sought for use in the prosecution of a pending criminal proceeding (see, CPL 240.40 [2] [b] [v]). Thus, the court had no statutory authority to order the petitioner to submit to an HIV test except that conferred by CPL 390.15 (cf., Matter of Doe v Connell, 179 AD2d 196). The petitioner may not obtain review of the order issued pursuant to CPL 390.15 on a direct appeal from the judgment, as the order is not part of the conviction or sentence (see, CPL 450.10, 450.30; People v Donald P., 246 AD2d 608 [decided herewith]). The statute specifically provides that the test results shall not be disclosed to the court and that the failure to comply with its provisions shall not affect the validity of any sentence imposed by the court (see, CPL 390.15 [1], [7]). Furthermore, CPL 390.15 does not grant a right to appeal to any of the parties to the application. Therefore, a proceeding pursuant to CPLR article 78 is the only avenue available to the petitioner to obtain appellate review of his claim that the court exceeded its authority when it granted the complainant's application under CPL 390.15.

CPL 390.15 (1) (a) provides that "(i)n any case where the defendant is convicted of a felony offense enumerated in any section of article one hundred thirty of the penal law, or any subdivision of section 130.20 of such law, where an act of 'sexual intercourse' or 'deviate sexual intercourse' * * * is required as an essential element for the commission thereof, the court must, upon a request of the victim, order that the defendant submit to * * * (HIV) related testing". A victim is defined as "the person with whom the defendant engaged in an act of sexual intercourse or deviate sexual intercourse, * * * where such conduct with such victim was the basis for the defendant's conviction of an offense specified in paragraph (a) of this subdivision" (CPL 390.15 [1] [b]).

We agree with the petitioner that the phrase "where an act of 'sexual intercourse' or 'deviate sexual intercourse' is required as an essential element for the commission thereof" applies to a felony conviction under Penal Law article 130, as well as to a misdemeanor conviction under Penal Law § 130.20. Common sense dictates that the Legislature did not intend to mandate HIV testing based on the conviction of *any* felony in Penal Law article 130, as that would encompass defendants convicted of acts of sexual contact which carry no risk of HIV transmission. Moreover, the definition of a "victim" in the statute includes a requirement that sexual intercourse or deviate sexual intercourse form the basis for the defendant's *conviction,* rather than the basis for the charges in the indictment. The statute does not make any provision for circumstances such as these, where the charges are reduced pursuant to a plea. Accordingly, since the court did not have the statutory authority to order the petitioner to be tested, he established a clear legal right to relief, and the petition is granted. Copertino, J. P., Thompson, Krausman and Florio, JJ., concur.