■ MARY CAPOTOSTO et al., Appellants, v CITY OF NEW YORK, Respondent, and ROBERT NOBLIN, Appellant. (Action No. 1.) ROBERT K. NOBLIN, Appellant, v CITY OF NEW YORK, Respondent. (Action No. 2.) [734 NYS2d 102] —In two related actions pursuant to General Municipal Law § 205-e which were joined for trial, the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated June 26, 2000, as granted that branch of the motion of the defendant City of New York which was to dismiss the complaint in Action No. 1 insofar as asserted against it for failure to state a cause of action and denied their cross motion for summary judgment, and Robert K. Noblin, a defendant in Action No. 1 and the plaintiff in Action No. 2, separately appeals, as limited by his brief, from so much of the same order as granted those branches of the motion of the City of New York which were to dismiss the complaint in Action No. 2 and his cross claim in Action No. 1 for failure to state a cause of action.

Ordered that the appeal by Robert K. Noblin from so much of the order as dismissed the complaint in Action No. 2 is dismissed as abandoned, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see*, 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion of the City of New York which was to dismiss Robert K. Noblin's cross claim in Action No. 1 and substituting therefore a provision denying that branch of the motion, and (2) adding a provision thereto, upon searching the record, awarding summary judgment to Robert K. Noblin dismissing the complaint in Action No. 1 insofar as asserted against him; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

Mary Capotosto, a police officer and the injured plaintiff in Action No. 1, asserted a cause of action against the defendants under General Municipal Law § 205-e. To recover under General Municipal Law § 205-e, Capotosto must establish that her injuries were caused by the defendants' negligent failure to comply with "the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus" (General Municipal Law § 205-e [1]; *see, Galapo v City of New York*, 95 NY2d 568, *affg* 267 AD2d 349; *Malenczak v City of New York*, 265 AD2d 532).

The City of New York (hereinafter the City) moved to dismiss the complaint in Action No. 1 insofar as asserted against it for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and Capotosto cross-moved for summary judgment. The cross motion required the Supreme Court to consider Capotosto's evidentiary proof. Where, as here, evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one (*see, Guggenheimer v Ginzburg,* 43 NY2d 268; *Steiner v Lazzaro & Gregory,* 271 AD2d 596). Here, Capotosto failed to establish that she has a cause of action under General Municipal Law § 205-e.

Capotosto has alleged as a predicate for her cause of action under General Municipal Law § 205-e, that the defendants violated Penal Law § 120.20, i.e., reckless endangerment in the second degree. To be found guilty of reckless endangerment in the second degree, it must be shown that the defendants were aware of and consciously disregarded a substantial and unjustifiable risk (*see,* Penal Law § 15.05).

Capotosto alleges that Robert K. Noblin (a fellow police officer, a defendant in Action No. 1, and the plaintiff in Action No. 2) committed reckless endangerment in the second degree by violating certain provisions of the New York City Police Department "Patrol Guide." Capotosto cannot use a violation of the Patrol Guide as a predicate to establish a violation of Penal Law § 120.20 and then to use the Penal Law § 120.20 violation as a predicate for asserting her claim under General Municipal Law § 205-e (*see, Galapo v City of New York, supra; Malenczak v City of New York, supra*). To permit this would allow the plaintiffs to do indirectly what they cannot do directly (*see, People v Carmona,* 82 NY2d 603; *Matter of Office of Attorney Gen. of State of N. Y.,* 269 AD2d 1). Since there is no allegation that any other "statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions, and bureaus" (General Municipal Law § 205-e [1]) were violated, that branch of the City's motion which was to dismiss the complaint insofar as asserted against it was properly granted. Since the cause of action asserted by the plaintiff Paul Capotosto is derivative, it must also fail.

It is also well settled that in deciding the propriety of a motion for summary judgment this Court may search the record and grant summary judgment to a nonmoving party (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). Upon searching the record, it is clear that Capotosto's factual

allegations against Robert K. Noblin are the same as those asserted against the City. Thus, we grant summary judgment to Robert K. Noblin dismissing the complaint in Action No. 1 insofar as asserted against him. However, in light of our determination affirming the dismissal of the complaint in Action No. 1, there is a question as to whether or not Robert K. Noblin is entitled to indemnification under General Municipal Law § 50-k for his expenditures in defending Action No. 1. Accordingly, his cross claim is reinstated.

The parties' remaining contentions are either without merit or academic in light of the foregoing. Krausman, J. P., Friedmann, Florio and Adams, JJ., concur.