■ In the Matter of HELEN M. GARINGER, Respondent. MENTAL HYGIENE LEGAL SERVICE, on Behalf of JANE DOE, Appellant.

[759 NYS2d 550] —In a proceeding pursuant to Public Health Law § 2782 (1) (k) and § 2785, and Mental Hygiene Law § 33.13, to release certain medical and clinical records, the appeal is from an order of the Supreme Court, Westchester County (Barone, J.), entered December 19, 2002, which granted the petitioner's motion to compel the release of medical and clinical records to the extent of, inter alia, directing that the results of HIV and hepatitis tests taken by Jane Doe be released to the petitioner, and denied the cross motion of the Mental Hygiene Legal Service, on behalf of Jane Doe, to dismiss the proceeding for failure to state a cause of action. By decision and order on motion of this Court dated January 8, 2003, enforcement of the order appealed from was stayed.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the proceeding is dismissed.

In the order appealed from, the Supreme Court, inter alia, ordered that the results of any HIV and hepatitis tests taken by the patient Jane Doe be released to the petitioner, and, if her records did not contain the results of such tests, directed her to take the necessary tests, the results of which were to be released to the petitioner. We reverse.

Where, as here, evidentiary material is considered, the criterion for determining if a pleading states a cause of action is whether the proponent of the pleading has a cause of action, not whether he or she has stated one (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Capotosto v City of New York,* 288 AD2d 419, 420 [2001]; *Steiner v Lazzaro & Gregory,* 271 AD2d 596, 597 [2000]). When read in conjunction with the evidentiary record, the petition fails to allege any material facts to demonstrate that the disclosure of Jane Doe's confidential HIV information is warranted by a clear and imminent danger to the petitioner (*see* Public Health Law § 2785 [2] [b]), or that Jane Doe's clinical records should be disclosed based on a finding that the interests of justice significantly outweigh the need for confidentiality (*see* Mental Hygiene Law § 33.13 [c] [1]). The record contains no evidence whatsoever that Jane Doe was suspected of being HIV-positive.

The petition also fails to cite specific statutory authority that would permit the Supreme Court to compel Jane Doe to be tested for HIV (*see* Public Health Law § 2781; *Matter of Michael WW.,* 203 AD2d 763 [1994]; *Matter of Doe v Connell,* 179 AD2d 196 [1992]). Furthermore, in the absence of evidence that Jane Doe had or was suspected of having hepatitis, the Supreme Court abused its discretion in directing that she be

tested for the disease (*see Matter of Department of Social Servs. [Troy C.] v Janice T.*, 137 AD2d 527 [1988]).

Accordingly, the petition should have been dismissed.

The petitioner's remaining contentions are without merit. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.