(October 14, 2003)

■ LARISA FORSTER, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [765 NYS2d 598] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 29, 2001, which, to the extent appealed from, granted

the municipal defendants' motion for summary judgment dismissing the complaint and cross claims as against them, and denied plaintiff's cross motion for leave to amend the complaint to assert a cause of action against the municipal defendants for violation of General Municipal Law § 205-e, predicated on a violation of Labor Law § 27-a (3), unanimously affirmed, without costs.

The alleged breaches of proper police procedure described by plaintiff's expert are grounded in the Patrol Guide. Plaintiff, however, may not use a violation of the Patrol Guide as a predicate to establish a violation of Labor Law § 27-a (3) and then use that Labor Law § 27-a (3) violation as a predicate for a General Municipal Law § 205-e claim (*see Galapo v City of New York*, 95 NY2d 568 [2000]; *Capotosto v City of New York*, 288 AD2d 419 [2001], *lv denied* 98 NY2d 602 [2002]). The Police Department training lessons and videos described by certain police officers at their examinations before trial, which are "not part of a duly-enacted body of law or regulation" imposing "clear legal duties" (*Galapo*, 95 NY2d at 575, 574), also failed to provide a predicate for alleging a Labor Law § 27-a (3) violation as a ground for General Municipal Law § 205-e liability (*see Flynn v City of New York*, 258 AD2d 129 [1999]).

Moreover, plaintiff's decedent's injuries, which occurred on an open highway when he was struck by defendant Kalendarian's vehicle, did not constitute the type of "recognized" hazard contemplated by Labor Law § 27-a (3) (*see Sciangula v City of New York*, 250 AD2d 833 [1998]). In any event, the theory of plaintiff, who bore the burden of establishing the merit of her amended claim, that had cones and flares been in decedent's patrol car, decedent would have followed proper police procedure and placed his vehicle at a different location, was speculative and did not tend to show a practical or reasonable connection with the alleged violation (*see Kenavan v City of New York*, 267 AD2d 353, 355 [1999], *lv denied* 95 NY2d 756 [2000]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Rosenberger, Ellerin and Lerner, JJ.