■ Joseph Marino, Appellant, v Stephen R. Pergolizzi, Respondent. [784 NYS2d 389]—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated November 24, 2003, which denied his motion for leave to enter judgment upon the defendant's alleged default in answering the complaint and granted the defendant's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the appeal from so much of the order as denied the motion is dismissed, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, the cross motion is denied, and the complaint is reinstated.

When read in conjunction with the evidentiary material submitted by the defendant and considered by the Supreme Court on the cross motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint alleged material facts giving rise to a cog-

nizable cause of action alleging legal malpractice (*see Schneider v Hand,* 296 AD2d 454 [2002]; *see also Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Thoubboron v Convery,* 306 AD2d 521 [2003]; *Matter of Garinger,* 305 AD2d 677 [2003]; *Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester,* 282 AD2d 561, 562 [2001]).

The appeal from so much of the order as denied the plaintiff's motion for leave to enter a judgment upon the defendant's alleged default in answering the complaint could have been raised on the plaintiff's prior appeal from an order of the same court dated May 29, 2002. That appeal (App Div Docket No. 2002-07104) was dismissed as abandoned by this Court for failure to perfect in accordance with the rules of this Court. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues which could have been raised therein, and we decline to review that issue on this appeal (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350, 353 [1976]). Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.