*325 OPINION OF THE COURT
Peter C. Bradstreet, J.
By an order to show cause, dated June 17, 2011, petition, dated June 16, 2011, and an affirmation of Peter J. Glanville, Esq., dated June 16, 2011, with supporting papers, petitioner has made application, pursuant to CPLR 7803 (2), for judgment in the nature of prohibition vacating a judgment and warrant of eviction issued by respondent Town Justice. The order to show cause included a stay of enforcement of the warrant pending a disposition of this proceeding. Respondent provided no written response to the application, but on the return date of the order to show cause he appeared with counsel, Jeffrey E. Squires, Esq.,[1] who contended that this application was not properly before the court and that respondent was justified in executing the warrant.
The underlying facts as alleged in the within petition and affirmation are not refuted by respondent. On or about September 1, 2010, a summary eviction proceeding was brought against petitioner by her brother, David Crosby, as attorney-in-fact for their mother, Phyllis Crosby, the owner of the home in which petitioner resides. A hearing was held before respondent on or about October 21, 2010, and October 28, 2010 and, by a decision, dated December 2, 2010, the eviction proceeding was dismissed.[2] No further court proceedings were held before respondent on this matter.
On or about June 14, 2011, petitioner was served with a warrant of eviction, dated May 26, 2011, signed by respondent, which directed petitioner to vacate the premises by June 8, 2011. The warrant, along with a judgment also executed by respondent on May 26, 2011, indicated that it was being issued pursuant to the eviction proceedings held in October 2010 and was based on the Town Court “having reconsidered its initial decision and issued an amended decision dated 3/31/2011.” Both the warrant and the judgment were provided to respondent by Peter H. Baker, Esq., who was counsel for Mr. Crosby during the prior eviction proceedings before respondent.
The “amended decision” states, in full, the following: “A motion is made by the undersigned to withdraw the previous deci *326 sion made in the above matter and hereby render a new decision in favor of the Petitioner, David Crosby. The Amended Decision is based upon RPAPL Section 713 and RPAPL Section 721.” There is no indication in the “amended decision” that any party was given notice of respondent’s actions, nor are any grounds given as to why respondent chose to reopen the case. Petitioner’s application includes a letter, dated January 20, 2011, from attorney Squires to respondent which contained a legal opinion with respect to the right of a licensor to evict a licensee, the precise legal issue that had been determined in the underlying eviction proceeding. However, there is no indication that attorney Squires’s letter was provided to anyone other than respondent.
In the within application, petitioner contends that once the eviction proceeding was dismissed, respondent had no legal basis to execute the warrant. She contends that no motion to reargue or renew was ever brought before respondent and that she was provided no notice of respondent’s decision to reconsider the matter. Respondent contends that a CPLR article 78 proceeding is not the proper vehicle for petitioner to obtain the relief she seeks and that, pursuant to CPLR 4404, respondent was legally permitted to issue an amended decision on his own motion.
When a petitioner seeks relief in the nature of prohibition pursuant to CPLR 7803 (2), the court must determine whether the issue presented is the type for which the remedy may be granted and, if it is, whether prohibition is warranted by the merits of the claim. (Matter of Holtzman v Goldman, 71 NY2d 564 [1988]; Matter of Doe v Connell, 179 AD2d 196 [4th Dept 1992].) In determining whether the remedy of prohibition is appropriate, this court must look to whether (1) the lower court acted without jurisdiction or exceeded its authorized powers in a proceeding over which it had jurisdiction; (2) the petitioner has a clear legal right to the relief requested; and (3) such factors as the gravity of the harm that would result from the act to be prohibited, and whether that harm can be adequately corrected through an appeal or other proceedings in law or equity, warrant the exercise of the court’s discretion in the matter. (Matter of Rush v Mordue, 68 NY2d 348 [1986]; Matter of Mollen v Mathews, 269 AD2d 42 [3d Dept 2000]; Matter of Doe v Connell, 179 AD2d at 198, 199.)
This remedy is not available merely to correct or prevent trial errors of substantive law or procedure, however grievous. (La Rocca v Lane, 37 NY2d 575 [1975].) Although the distinction *327 between legal errors and actions in excess of power is not always easily made, abuses of power may be identified by their impact on the entire proceeding as distinguished from an error in a proceeding itself proper. (Matter of Holtzman v Goldman, 71 NY2d at 569; Matter of Johnson v Price, 28 AD3d 79 [1st Dept 2006]; Matter of Heckstall v McGrath, 15 AD3d 824 [3d Dept 2005].) In other words, prohibition is available only when a court exceeds its jurisdiction in a manner that implicates the legality of the proceeding itself. {Matter of Hirschfeld v Friedman, 307 AD2d 856 [1st Dept 2003]; Matter of Johnson v Price, 28 AD3d at 82.)
Application of the above principles compels the conclusion that the issue presented by petitioner is precisely the type for which the remedy of prohibition should be granted. {Matter of Doe v Connell, 179 AD2d at 199.) First, respondent had no authority to vacate his prior dismissal of the eviction proceeding, nearly four months after its entry upon his own motion, without notice to petitioner. {Matter of Department of Social Servs. of Jefferson County v Overdorf, 115 AD2d 274 [4th Dept 1985].) Respondent’s reliance on CPLR 4404 to support his position that he is permitted to simply change his mind without notice to the parties is wholly misplaced. The purpose of CPLR 4404, which permits a court to set aside a decision or judgment following a trial, is to correct what a judge perceives to be an improper finding because a verdict is not supported by the facts in the case. It would certainly be inappropriate for a court to use this statute, designed to correct an unjust result, to perpetrate an injustice on a party by changing a decision without giving that party an opportunity to be heard.[3]
Second, petitioner has demonstrated a clear legal right to a vacatur of the warrant of eviction. In this regard, it should be noted that summary eviction proceedings are special proceedings governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction. {Permita v Western Regional Off-Track Betting Corp., 98 AD2d 1 [4th Dept 1983]; Riverside Syndicate, Inc. v Saltzman, 49 AD3d 402 [1st Dept 2008].) The *328 statutes governing such proceedings represent the Legislature’s attempt to balance the rights of landlords and tenants and to provide for expeditious and fair procedures for the determination of disputes involving possession of real property. (Matter of Brusco v Braun, 84 NY2d 674 [1994]; Matter of Hill v Marks, 124 AD2d 445 [3d Dept 1986].) Respondent’s issuance of an “amended decision,” judgment and warrant on his own motion without notification to any party constitutes a violation of the dictates of the applicable statutes. (MSG Pomp Corp. v Doe, 185 AD2d 798 [1st Dept 1992].)
Moreover, due process requires that one be given notice and an opportunity to be heard before one’s interest in property may be adversely affected by judicial process. (Gibbs v Kinsey, 170 AD2d 1049 [4th Dept 1991]; Nationwide Assoc. v Brunne, 216 AD2d 547 [2d Dept 1995].) By entering a judgment and warrant of eviction, nearly four months after dismissing the underlying summary proceeding, without affording petitioner the right to be heard, respondent has deprived petitioner of due process of law. (Clark v Williams, 149 Misc 2d 945 [App Term, 2d & 11th Jud Dists 1991]; Khokar v Nihar, 15 Misc 3d 134[A], 2007 NY Slip Op 50727[U] [App Term, 2d & 11th Jud Dists 2007].)
Finally, the gravity of harm that would result from respondent’s actions cannot seriously be questioned. After the eviction proceeding was dismissed by respondent in December 2010, petitioner reasonably concluded that no further action could be taken in the matter unless new proceedings were commenced. Six months later, petitioner was served with a warrant directing her to immediately vacate her residence.[4] Being rendered homeless due to an abuse of judicial power is a grievous harm that can clearly be remedied through prohibition. (La Rocca v Lane, 37 NY2d at 579.)
That there may be other proceedings at law or in equity to correct respondent’s improper actions does not preclude this court from entertaining petitioner’s application for a writ of prohibition. While there are certainly justifiable concerns about using a writ to interrupt pending judicial proceedings by seeking collateral review of adverse determinations made during the *329 course of those proceedings (Matter of Rush v Mordue, 68 NY2d at 353), prohibition under these circumstances furnishes a more complete and efficacious remedy. (La Rocca v Lane, 37 NY2d at 580; Matter of Altieri v Holden, 231 AD2d 369 [2d Dept 1997].) Given that the issuance of a warrant of eviction without affording petitioner due process of law implicated the legality of the entire proceeding before respondent, the court finds the granting of a writ of prohibition to be a proper exercise of judicial discretion. (Matter of Rush v Mordue, 68 NY2d at 353.)
Accordingly, it is hereby ordered, that petitioner’s application for a writ of prohibition be and the same hereby is granted; and it is further ordered, that the “amended decision,” dated March 31, 2011, the judgment, dated May 26, 2011, and the warrant, dated May 26, 2011, issued by respondent be and the same hereby are vacated.

. Whether attorney Squires, who is the attorney for the Town of Bath, appeared before the court in what he perceived to be his municipal capacity, or as personal counsel for respondent, was not made clear.

. The lower court’s decision stated, in full, the following: “After a hearing held October 28, 2010, the Court finds in favor of the Respondent [Petitioner herein] dismissing the claim.”

. Although CPLR 4404 has no specific time limitation for a court setting aside a decision sua sponte, it must be recognized that the within matter is a summary proceeding which has as one of its key objectives the prompt disposition of disputes. Waiting nearly four months to reverse itself without any notice to the aggrieved party, nor providing any overriding or persuasive reasons for doing so, was an egregious abuse of discretion.

. The record before the court indicates that neither the letter from attorney Squires to respondent, dated January 20, 2011, offering legal advice on the issues raised in the October eviction proceeding, nor the cover letter from attorney Baker, dated April 6, 2011, which included a proposed judgment and warrant of eviction, were ever served on petitioner.