Carbol S. Walsh, J.
Gloversville Shopping Center, Inc., a New York corporation with office and principal place of business at Utica, N. Y., hertofore and on May 18, 1970 filed with the Town Clerk of the Town of Johnstown, N. Y. a petition for annexation by the City of Gloverville, N. Y. of certain described and designated lands owned by petitioner, lands owned by another, and lands owned by persons unknown, all situate in the said Town of Johnstown, pursuant to the provisions of article 17 of the General Municipal Law. On May 29, 1970 an order to show cause was obtained by the Town Attorney of the Town of Johnstown from this court, directing the petitioner, Gloversville Shopping Center, Inc., and the City of Gloversville to show cause before this court on the 9th day of June, 1970 why the petition for annexation should not be dismissed, pursuant to article 4 of the CPLJEt, and ordering the enjoining and restraining of all further proceedings in the matter pending hearing and determination. The order to show cause was granted upon the affidavit of the Town Attorney of the Town of Johnstown, to the effect that the said petition for annexation is illegal, null and void by reason of the fact that a New York State highway separates the lands of the petitioner in the Town of Johnstown from the boundary line of the City of Gloversville, and that there is no authority in the law for the annexation by one municipality of lands located in an adjacent municipality but which are separated by a State highway and therefore not contiguous, nor is there any authority in the law for the annexation by one municipality of a State highway.
Pursuant to the order, copies thereof were served upon the attorneys for the said petitioner and upon the City Attorney of the City of Gloversville. In response, the Gloversville City Attorney, in an answering affidavit, contends that this court has no jurisdiction in a proceeding involving annexation, that no special proceeding has been commenced within the purview of article 4 of the CPLR, and that the petition for annexation requires prior primary legislative action on the part of the governmental bodies involved before judicial action or review can be commenced. The attorneys for the said petitioner set forth, in an answering affidavit, that they were retained solely to prepare and file the petition, that they are not the general counsel for petitioner, that they have no authority to accept service of legal process in behalf of the petitioner in any legal proceeding, and that the petition for annexation filed by them in behalf of petitioner does not constitute in law or in fact the commencement of a special proceeding pursuant to article 4 of *384 the CPLR, merely fulfilling the first step of a mandated statutory proceeding which at this point requires legislative action on the part of the affected municipalities.
The first isue to be decided is whether this court, as a County Court, has jurisdiction. If it does not, any consideration of the other issues raised by the City of Gloversville and the petitioner for annexation would be superfluous.
County Courts of the State of New York are courts of limited jurisdiction, and can exercise only those, powers conferred upon them by the Constitution of the State of New York (N. Y. Const., art. VI, § 11) and those powers specifically conferred by statute or legislative act. Nowhere in section 11 of article VI of the State Constitution do we find any authority granting jurisdiction to the County Courts to hear and determine an action or proceeding for municipal annexation. Section 190 of the Judiciary Law also specifically enumerates the actions and proceedings over which the County Courts shall have jurisdiction, which does not include actions or proceedings involving annexation. Nor would section 190-b of the Judiciary Law, called to this court’s attention by the Town Attorney, be applicable, because by the very opening words of the first sentence of subdivision 1 of that section it restricts its applicability by stating ‘£ Where a county court has jurisdiction of an action or a special proceeding”, and therefore this section can apply only if jurisdiction has been conferred upon the County Courts by the Constitution or legislative enactment.
A reading of article 17 of the General Municipal Law entitled “Muncipal Annexation Law”, sections 700 through 718, discloses no legislative authority granting jurisdiction over such proceedings to the County Courts. In fact, section 712 of that law specifically outlines the judicial procedure to be taken, if one of the governing boards of the affected local governments determines that the proposed annexation is not in the over-all public interest, by decreeing that application be made to the Appellate Division of the Supreme Court in the proper judicial district for adjudication and determination. In Matter of City Council of City of Saratoga Springs v. Town Board of Town of Greenfield (29 A D 2d 167, 169) it was held that “ the intent of the Municipal Annexation Article is to have decided all jurisdictional and other threshold issues either by Special Term or by this court so that the issue to be decided by the £ referees ’ will be limited to the issue of £ over-all public interest ’ subject to final review by this court of that issue ’ ’. Thus we have an unmistaken, perfectly clear determination by the Appellate Division that the legislative intent is to have all jurisdictional, pro *385 cedural and other issues revolving around questions pertaining to the petition for annexation and its sufficiency and legality submitted to the Supreme Court and not to a County Court.
Because County Courts are courts of limited jurisdiction, any question or issue as to the granting of jurisdiction to the County Court must be strictly construed and not enlarged. (Collesion v. Collesion, 2 Misc 2d 10.) Based upon all the foregoing, I hold that this court as a County Court has no jurisdiction to act on any questions, actions or proceedings involving municipal annexation under article 17 of the G-eneral Municipal Law. The petition of the Grioversville Shopping Center, Inc. is therefore not dismissed and retains its standing before the Town Board of the Town of Johnstown, but this decision is made without prejudice to the Town Board of the Town of Johnstown to make such application or motion to the Supreme Court regarding the issues brought by it before this court as it deems advisable and relevant. The decision of this court as to its lack of jurisdiction renders decision as to the other issues raised by both parties unnecessary.