OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated June 15,1983, and supporting papers, the defendant moves for an order disqualifying Justice Anthony Cavotta, Justice of the Village Court of the Village of Stillwater, from hearing this prosecution, and transferring the matter to the acting Village Justice. The motion is grounded on an alleged bias possessed by Justice Cavotta toward the defendant.
The motion is opposed by the People.
County Court is a court of limited jurisdiction, and may only exercise powers specifically granted to it by the State Constitution or by statute. (Matter of Gloversville Shopping Center, 63 Misc 2d 382.)
The court has found no constitutional or statutory authority which would empower it to disqualify a Justice of a local court, and transfer the action.
The only authority relied upon by the defendant for support, Matter of Johnson v Hornblass (93 AD2d 732), involved an application to the Appellate Division, First Department, for an order pursuant to CPLR article 78 prohibiting an Acting Justice of the Supreme Court of New York from sitting in a posttrial proceeding. An article 78 proceeding, however, is beyond the jurisdiction of this court. (See NY Const, art VI, § 11; Judiciary Law, § 190; *155 CPLR 7804, subd [b]; Matter of Sovocool v David, 7 AD2d 262; Matter of De Camilla v Connery, 23 AD2d 704.)
Accordingly, the defendant’s motion is, in all respects, denied.