■ VILLAGE OF CATSKILL, Respondent, v KEMPER GROUP-LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellant. — Weiss, J. Appeal from an order of the County Court of Greene County (Battisti, Jr., J.), entered February 28, 1984, which, *inter alia,* denied defendant's cross motion to dismiss the complaint.

Plaintiff commenced the underlying lawsuit on May 5, 1981 to recover $2,753.30, representing damage caused to a village fire hydrant on January 5, 1980 when struck by a taxicab owned by Morris Darling and insured by defendant. The complaint is grounded on a direct action statute (Insurance Law § 3420 [a] [2]; [b] [1]) which allows an injured person to sue the insurer directly where a judgment against the insured remains unsatisfied after 30 days from service of a notice of entry of judgment. A default judgment against the insured had been entered on March 19, 1981. After joinder of issue, plaintiff moved for summary judgment and defendant cross-moved to dismiss, claiming, *inter alia,* that County Court lacked both personal and subject matter jurisdiction and that the complaint failed to state a cause of action. County Court denied plaintiff's motion, holding that defendant had raised a triable issue of fact as to whether its disclaimer of coverage was timely, and denied defendant's cross motion on the grounds that the gravamen of the action was to recover a sum of money, not for declaratory relief, and that since defendant had an agent in Greene County, the court had personal jurisdiction pursuant to Judiciary Law § 190. For the reasons stated below, we reverse so much of the order as denied defendant's cross motion and dismiss the complaint.

Initially, we note that although County Court is one of limited jurisdiction (*see, People v Hull,* 120 Misc 2d 154) and lacks authority to provide declaratory relief (CPLR 3001; *New York Post Corp. v Kelley,* 296 NY 178, 188-189; *see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.11 [1984]), the complaint herein seeks judgment for a sum certain under a direct action statute and may clearly be entertained by that court.

Nonetheless, since the complaint fails to demonstrate that defendant, a foreign corporation, is either a resident or doing business in the county, County Court lacks jurisdiction (*see,* Judiciary Law §§ 190, 190-a; *Heffron v Jennings,* 66 App Div 443; *Haas v Scholl,* 68 Misc 2d 197). In its complaint, plaintiff avers that defendant maintains an office for conducting business in the City of Syracuse, which is obviously not in Greene County. In a County Court action, the complaint must establish that defendant is a resident of that county (*Gilbert v York,* 111 NY 544) or otherwise doing business therein. In an attempt to cure this deficiency, plaintiff's attorney alleged in his supporting affidavit that "Leggio Insurance Agency, 305 Main Street, Catskill, New York, acts as an agent for [defendant], solicits business on their behalf and enters into contracts of insurance on their behalf, and makes business commitments on their behalf to said contracts of insurance". These conclusory allegations, candidly made in plaintiff's attorney's affidavit "upon

information and belief", are patently insufficient to defeat defendant's cross motion (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). Since plaintiff failed to establish that defendant does business in Greene County (Judiciary Law §§ 190, 190-a), jurisdiction is lacking and the action must be dismissed.

It is unnecessary to consider the remaining arguments.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion; cross motion granted and complaint dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.