■ In the Matter of FREDERICK HILL et al., Appellants, v NORMAN MARKS et al., Respondents.—Weiss, J.

On July 3, 1984, petitioners agreed to lease to respondents a 10-acre parcel of land situated in the Town of Catskill, Greene County. Their handwritten agreement provided for a monthly rental of $400 and gave respondents an option to purchase the parcel at a price of $1,000 per acre. With respect to the exercise of this option, the contract specified that "[u]pon purchase, [respondents] will have the 10 acres surveyed * * * and will enter into a formal contract". It appears that respondents assumed possession in September 1984 and paid the first four months rent. However, when respondents learned of a possible mortgage foreclosure upon the property, they discontinued further rental payments.

In March 1985, petitioners initiated a summary proceeding (RPAPL art 7) in the Town of Catskill Justice Court seeking to recover both $1,600 in unpaid rent and possession of the leased property. Respondents answered, requesting that the petition be dismissed since they paid $2,200 toward the purchase price and improved the property by installing a mobile home, a well and a septic system, at an approximate cost of $35,000. Respondents further maintained that petitioners refused to enter into a formal purchase contract as anticipated in the handwritten lease. By stipulation, the proceeding was removed to County Court which, after oral argument, directed petitioners to convey to respondents the improved portion of the subject parcel (an area slightly less than one acre) at a cost of $1,000; respondents were required to reimburse petitioners for the interim rent due, since nothing in the lease

agreement indicated rent payments constituted an offset against the purchase price. Petitioners have appealed, contending that County Court lacked subject matter jurisdiction to fashion the equitable relief described. We agree.

County Court enjoys limited jurisdiction and may exercise equity power only insofar as specifically provided by law (NY Const, art VI, § 11 [b]; Judiciary Law §§ 190, 190-b; *see, Village of Catskill v Kemper Group-Lumbermen's Mut. Cas. Co.,* 111 AD2d 1011, 1012). Pursuant to Judiciary Law § 190 (1), County Court's jurisdiction extends to, *inter alia,* actions for "specific performance of a contract relating to real property". While respondents maintain that County Court exercised its authority to compel specific performance of the lease agreement, a review of the court's decision shows otherwise. The court expressly refused to compel specific performance, finding that the handwritten agreement lacked certain essential terms. In particular, the 10-acre parcel described in the lease constituted part of a larger 23-acre tract owned by petitioners and it was not determinable which part of the larger tract constituted the lease area. We agree that the absence of a proper description for the 10-acre parcel precluded specific performance of the lease. This deficiency did not, however, authorize County Court to invoke its equitable powers to remedy the dispute by directing a conveyance of the improved tract to respondents. Beyond the fact that respondents did not request such affirmative relief in their answer, the order is clearly equitable in nature and outside the terms of the lease agreement. Moreover, the purpose of an RPAPL article 7 summary proceeding is to expeditiously settle disputes over the possession of real property *(see, Cotignola v Lieber,* 34 AD2d 700, 701; *Tivoli Assoc. v Wing,* 122 Misc 2d 901, 902-903), not to resolve equitable questions of title.

In sum, County Court lacked jurisdiction to grant the equitable relief awarded respondents. Accordingly, the order must be reversed and the matter remitted to County Court for further proceedings not inconsistent with this decision. In so deciding, we further note that since an agreed statement of facts in compliance with CPLR 3222 (a) was never filed, the parties are entitled to proceed to trial on the issues raised.

Order reversed, on the law, without costs, and matter remitted to the County Court of Greene County for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.