■ STEPHANIE KAUFMAN, Respondent, v GEORGE S. KAUFMAN, Appellant.—Order, Supreme Court, New York County (Edith Miller, J.), entered June 9, 1986, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion to serve an amended complaint adding a second cause of action, unanimously reversed, on the law, without costs or disbursements, defendant's motion granted, the complaint dismissed and leave to serve an amended complaint denied.

The parties were married on December 24, 1952. Plaintiff obtained a bilateral Mexican divorce on November 16, 1966, which incorporated, but did not merge, a separation agree-

ment, executed in Connecticut on November 8, 1966. The agreement, which fixed the relative rights and obligations of the parties and their two children, who are now adults, provided, *inter alia,* for monthly support to the wife of $2,333, beginning October 1, 1967 and continuing until 3½ years after she remarried.

After both parties had adhered to the agreement for almost 17 years, plaintiff commenced this action to set aside and invalidate the separation agreement on allegations that she had been fraudulently induced by appellant's concealment and failure to disclose his income, assets and financial prospects. The complaint alleges that there were fraudulent representations that, notwithstanding the agreement, "plaintiff would never have to 'worry or want for anything' * * * plaintiff would never do 'better or as well' if the matter were litigated * * * it would be 'devastating' to the children if the matter were litigated * * * plaintiff should 'trust' defendant's representation * * * it was in plaintiff's interest * * * to settle the matter 'amicably', and * * * he would always 'take care' of plaintiff." The complaint further alleges that defendant had a substantial "spendable income", a net worth in excess of $1 million and "prospective and future rights worth many millions of dollars"; she executed the agreement in reliance on those representations; and, during certain years subsequent to the agreement, he paid sums in excess of those required by the agreement "to prevent plaintiff from asserting her rights".

The proposed amended complaint sets forth a second cause of action that the excess payments, made during the period between 1967 and 1982, constituted an oral agreement, which should supersede and control as to support, in lieu of the provisions in the separation agreement.

It is conceded that the separation agreement claimed to be fraudulently procured was incorporated, but not merged, into a valid, bilateral foreign decree of divorce. Neither the complaint nor the proposed amended complaint seeks any relief with respect to the Mexican divorce decree. Thus, under well-established principles of comity, which uphold the validity of the foreign decree, including the separation agreement incorporated therein, plaintiff may not collaterally attack or challenge the provisions of the separation agreement *(see, Galyn v Schwartz,* 56 NY2d 969, 972; *Greschler v Greschler,* 51 NY2d 368, 376-377, 378; *see generally,* 48 NY Jur 2d, Domestic Relations, § 1504, at 467-468). On this basis, the complaint, insofar as it seeks to invalidate the agreement based upon fraud, must be dismissed.

In addition, plaintiff's cause of action in fraud was not pleaded with sufficient particularity under CPLR 3016 (b), which requires in a fraud action that "the circumstances constituting the wrong shall be stated in detail." Plaintiff claims that defendant did not disclose his financial circumstances and prospects, and induced her to enter into the agreement on the representation that she would never have to "worry or want for anything" and that he would always "take care" of her, notwithstanding the terms of the agreement.

Plainly, the pleaded allegations are insufficient under the statute to state a cause of action for fraud. There are only conclusory allegations as to the misrepresentations relating to defendant's financial status and plaintiff has not offered any facts or circumstances constituting the claimed fraud, as required. In the absence of specific and detailed allegations of fraud, the first cause of action clearly lacks particularity and does not meet the minimum requirements of CPLR 3016 (see, Greschler v Greschler, 71 AD2d 322, 324-325, mod on other grounds 51 NY2d 368, supra; Oberstein v Oberstein, 93 AD2d 374, 380; Gorman v Gorman, 88 AD2d 677, 678).

The second cause of action in the proposed amended complaint is also fatally deficient, even under the liberal standards by which amendments are permitted under CPLR 3025 (b). The amended complaint purports to rely upon a subsequent oral modification of the clear obligation to support but omits any allegation of a specific, definitive agreement by which the parties allegedly modified the separation agreement. Moreover, the agreement expressly provides that it contains "the entire understanding of the parties" (para 28) and, in paragraph 29, directs that a modification or waiver will be effective "only if made in writing and executed with the same formality as this Agreement." In our view, on this record, the second cause of action fails to state a cognizable claim for relief. Concur—Sandler, J. P., Kassal, Rosenberger and Wallach, JJ.