■ PRISCILLA E. PITT, Appellant, v PAULINE E. BROUGH et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered July 23, 1986 in Albany County, upon a verdict rendered in favor of defendants.

On December 25, 1983 plaintiff's vehicle, which was being driven west on Route 20 in the Town of Duanesburg, Schenectady County, was struck by a car owned by defendant Pauline E. Brough and driven by defendant Thomas J. La Fontaine, which was turning left from the intersection of Interstate Route 88 and Route 20 to go east on Route 20. La Fontaine's vehicle struck plaintiff's car broadside. Plaintiff was taken to the hospital where she was diagnosed as having a bump on her head and some swelling around her knee joints.

Plaintiff's action accused defendants of having inflicted "[s]erious injury" as defined in Insurance Law § 5102 (d). The answer alleged contributory fault and plaintiff's failure to use her seat belt. At plaintiff's jury trial, Supreme Court granted plaintiff's motion for a directed verdict on the issue of liability, finding La Fontaine 100% responsible for the accident and plaintiff free from liability. The issue of "[s]erious injury" was submitted to the jury for a factual determination after appropriate instructions pursuant to Insurance Law § 5102 (d). The jury found no cause of action on plaintiff's serious injury.

On this appeal, plaintiff claims error in permitting receipt into evidence of her previously filed complaint alleging both

civil rights and personal injury claims against members of the City of Albany Police Department in a Federal action. This complaint accused the police of forcibly pushing plaintiff against a wall and onto her knees, and forcibly manipulating her arms, neck and legs, causing injury to her limbs. However, in our view, the Federal complaint was properly received into evidence as an informal judicial admission, to be weighed by the jury according to the underlying facts and circumstances (see, Richardson, Evidence § 217, at 193 [Prince 10th ed]; see also, Gangi v Fradus, 227 NY 452).

Contrary to plaintiff's claim, the evidence of serious injury offered by the experts for both parties created a credibility issue, depending on the expert medical testimony, and was properly submitted to the jury (see, Heberer v Nassau Hosp., 119 AD2d 729). The jury's finding against plaintiff should not, therefore, be disturbed. The other errors urged by plaintiff have been examined and found inconsequential, and the judgment appealed from should accordingly be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Levine, JJ., concur.