■ BAJE REALTY CORP., Appellant, v ALICE CUTLER, as Executrix of ARTHUR CUTLER, Deceased, et al., Respondents and

---

* Defendant's request for remand to a different justice is without merit.

Third-Party Plaintiffs. WALTER SAKOW et al., Third-Party Defendants-Appellants, et al, Third-Party Defendants. [820 NYS2d 57]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered December 1, 2004, which, to the extent appealed from as limited by the briefs, granted defendants and third-party plaintiffs' motion for partial summary judgment, unanimously reversed, on the law, without costs, and the motion denied.

At issue in this litigation, commenced in 1990, is the ownership of premises known as 180 West 81st Street in Manhattan, which consists of four commercial units on the ground floor and 12 residential units, which are variously subject to rent control or rent stabilization. Although little can be stated with certainty, the subject premises seem to have passed from an unknown seller to 180 West 81st Street, Inc. and thence to plaintiff Baje Realty Corp., of which corporations third-party defendant Robert Bianco was the sole owner, director and share owner. It is also apparent that defendants and third-party plaintiffs Jeffrey Baynon and Arthur Cutler, deceased—represented by defendant and third-party plaintiff Alice Cutler, as executrix (collectively, the Cutler interests)—were involved in the management of the premises, for which they were promised an unspecified ownership interest. Third-party defendants Walter and Marion Sakow claim ownership interest in Baje Realty by assignment. In an agreement settling the dispute between them, Bianco sold the premises to the Cutler interests by quitclaim deed dated February 11, 2004.

The Cutler interests moved, inter alia, for partial summary judgment to preclude the Sakows from asserting ownership to Baje Realty. The motion was predicated upon statements made by Walter Sakow in these and other proceedings. Supreme Court invoked the doctrine of judicial estoppel to grant the motion. We reverse.

In the course of these proceedings, Walter Sakow has given at least two inconsistent accounts of the material facts. In an affidavit sworn to on March 11, 2004, submitted in opposition to a

motion to direct Baje Realty to turn over certain records, he averred that in approximately 1982, he was contacted by one Max Henick concerning the purchase of the subject premises. With the participation of a friend and business associate, Robert Bianco, Sakow caused 180 West 81st Street Corporation to be formed, which took assignment of Henick's right to purchase the building. Allegedly to avoid discord with the tenants should they to learn that Sakow was an owner, he and Bianco agreed that Bianco would be the sole share owner, officer and director of the corporation. This agreement was purportedly subject to an oral agreement that Bianco, upon demand, would transfer all of the shares in the corporation to Sakow. Sakow then induced Arthur Cutler and his associate, Jeffrey Baynon, to negotiate with the tenants for their relocation so the building could be vacated and rehabilitated. Thereupon, a new corporate owner, plaintiff Baje Realty, was formed, again with Bianco as sole shareholder and officer and again subject to the verbal transfer-on-demand agreement, with the further understanding that if Cutler and Baynon were successful in emptying the building, they would collectively receive 50% of the stock in Baje. Although the tenants were never relocated, Sakow alleges that Cutler and Baynon seized control of the premises, transferred the building to an entity they had formed and advised the tenants to send their rent payments to that entity, prompting this lawsuit.

In a prior affidavit sworn to on October 3, 1990 in support of a motion to enjoin Cutler and Baynon from acting as officers of Baje Realty, Walter Sakow took a different position and stated that his "only involvement with Baje" was as an advisor and supervisor of construction work. He stated that, in 1982, Robert Bianco "told me that he was having problems with a building he owned at 180 West 81st Street in Manhattan (the 'Building') which he had purchased on my recommendation" with the intention to vacate and rehabilitate the premises. Allegedly because Bianco's relationship with the tenants had "deteriorated badly," Bianco sought Sakow's advice and assistance, whereupon Sakow recommended Arthur Cutler to "accomplish the desired result here." For several years, Sakow stated, "I supervised construction work to maintain the Building" with the "understanding that I would receive a minority stock interest in Baje . . . in the event it was vacated and successfully rehabilitated. It was also my understanding that Cutler and his associate, Jeffrey Baynon, who was assisting him in vacating the building, had a similar arrangement. Since the rehabilitation of the Building was never completed I did not receive any interest in Baje." Sakow also denied ever being a partner in an

entity known as Baje Realty Co. and "never included on my personal tax return any income or losses from the operation of the Building owned by Baje."

While Walter Sakow's earlier recitation of the facts is irreconcilable with his present position, it does not meet the criteria for a formal judicial admission so as to be "binding on the parties throughout the entire litigation, unless modified or relieved in the discretion of the court" (Prince, Richardson on Evidence § 8-215 [Farrell 11th ed]). "The doctrine of judicial estoppel or the doctrine of inconsistent positions 'precludes a party who assumed a certain position in a prior legal proceeding *and who secured a judgment in his or her favor* from assuming a contrary position in another action simply because his or her interests have changed' " (*Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae,* 243 AD2d 168, 176 [1998], *lv dismissed* 92 NY2d 962 [1998], quoting *Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435, 436 [1995]). Because third-party defendants did not secure any formal grant of relief based upon Sakow's prior statement, it does not implicate the doctrine of inconsistent positions (*Lowinger v Lowinger,* 303 AD2d 723, 724 [2003]; *cf. All Terrain Props. v Hoy,* 265 AD2d 87, 93 [2000]); *Maas v Cornell Univ.,* 253 AD2d 1, 5 [1999], *affd* 94 NY2d 87 [1999]). Rather, the statement constitutes an informal judicial admission that is not conclusive but "is merely evidence of the fact or facts admitted" (Prince, Richardson on Evidence § 8-219, *supra*), "the circumstances of which may be explained at trial" (*Bogoni v Friedlander,* 197 AD2d 281, 293 [1994], *lv denied* 84 NY2d 803 [1994]). Sakow's prior affidavit may be used to impeach his credibility (*see Somir v Weiss,* 271 AD2d 433 [2000], *lv denied* 95 NY2d 758 [2000]) and otherwise may be "weighed by the jury according to the underlying facts and circumstances" (*Pitt v Brough,* 132 AD2d 836, 837 [1987]; *see also Mount Vernon Contr. Corp. v State of New York,* 56 AD2d 952, 953 [1977], *lv dismissed* 42 NY2d 889 [1977] ["the affidavit in question could be accorded such weight as the trier of the facts might determine"]).

Finally, Supreme Court's disposition is not sustainable on the basis of equitable estoppel. There is no indication that the Cutler interests changed their position in reliance upon the prior statement by Walter Sakow disavowing any interest in Baje Realty Corp. or the subject premises (*see BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850, 853 [1985]). Concur— Tom, J.P., Friedman, Williams and Sweeny, JJ.