■ Susan Angel, Appellant, v The Bank of Tokyo-Mitsubishi, Ltd., et al., Respondents. Susan Angel, Appellant, v Christopher O'Neill, Respondent. [835 NYS2d 57]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered April 5, 2006, which, in the above-captioned action against The Bank of Tokyo-Mitsubishi, Ltd. (BTM) and Christopher O'Neill, granted defendants' motions to dismiss the complaint pursuant to CPLR 3211 but denied their motions for sanctions, unanimously affirmed, without costs. Order, same court and Justice, entered August 23, 2006, which, in the above-captioned action against Christopher O'Neill alone, denied plaintiff's motion for a commission to obtain discovery from nonparties in New Jersey, without prejudice to renewal after the conclusion of a hearing on the validity of a notarization in the parties' postnuptial agreement, unanimously affirmed, without costs.

The release signed by plaintiff bars her employment discrimination claims in the action against BTM and O'Neill. Her attempts to void the release are unavailing. First, even if part of the consideration for the release was O'Neill's performance of the postnuptial agreement, and even if he subsequently breached the agreement, a written release is not invalid for lack of consideration (*see* General Obligations Law § 15-303; *Mergler v Crystal Props. Assoc.*, 179 AD2d 177, 180 [1992]). Moreover, the complaint contains only conclusory assertions that BTM made assurances to plaintiff about the interrelation of the release and the postnuptial agreement; this does not suffice (*see e.g. Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692 [1994]).

Second, the complaint does not allege any specific misrepresentation of fact made by BTM; it merely makes conclusory allegations, which are insufficient (*see e.g. Kaufman v Kaufman*, 127 AD2d 463, 465 [1987]). The fraud alleged against O'Neill is that he entered the postnuptial agreement while intending not to perform it. However, plaintiff cannot transform a breach of contract claim into a fraud claim in this manner (*see e.g. Ullmann*, 207 AD2d at 693).

Third, plaintiff does not allege a mutual mistake; she merely alleges that *she* was mistaken. A unilateral mistake, standing alone, does not suffice as a predicate for relief (*see e.g. Surlak v Surlak*, 95 AD2d 371, 384 [1983], *appeal dismissed* 61 NY2d 906 [1984]). While a unilateral mistake induced by fraud will

support a claim for rescission (*see e.g. Surlak, supra*), plaintiff's claims of fraud are insufficient, as previously noted.

Fourth, plaintiff's assertion that the release was not "fairly and knowingly made" (*Mangini v McClurg*, 24 NY2d 556, 566 [1969]) does not help her, as her allegations of fraud are insufficient and this is not a personal injury action (*see id.* at 568).

The motion court's decision to dismiss the third through fifth causes of action on the ground of other action pending (*see* CPLR 3211 [a] [4]) was a proper exercise of discretion (*see Whitney v Whitney*, 57 NY2d 731, 732 [1982]). That BTM is a defendant in this action but not the other action is not dispositive (*see White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 94 [1997]). In any event, there is no basis for holding BTM liable on the third through fifth causes of action. BTM, as employer, did not owe plaintiff, as employee, a fiduciary duty (*see e.g. Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon*, 172 AD2d 254 [1991]). Nor did it owe plaintiff any duties under the release. The fourth cause of action (for promissory estoppel) fails because the complaint does not allege "a clear and unambiguous promise" by BTM (*Pullman Group v Prudential Ins. Co. of Am.*, 288 AD2d 2, 4 [2001], *lv denied* 98 NY2d 602 [2002]). The fifth cause of action (for fraudulent inducement) is defective, as noted earlier. The complaint's allegation upon information and belief that O'Neill acted with BTM's knowledge is insufficient (*see e.g. Village of Catskill v Kemper Group-Lumbermen's Mut. Cas. Co.*, 111 AD2d 1011, 1012-1013 [1985]).

The sixth cause of action was properly dismissed as time-barred. The statute of limitations for prima facie tort is one year (*see Havell v Islam*, 292 AD2d 210 [2002]). Plaintiff signed the release on April 19, 2004, and plaintiff and O'Neill signed the postnuptial agreement at some point in April 2004. As early as March 11, 2005, plaintiff alleged in another action that O'Neill was not abiding by the postnuptial agreement. Thus, defendants' actions did not prevent plaintiff from timely bringing suit (*see e.g. Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]). Moreover, to toll the statute of limitations on the ground of equitable estoppel, there must be a fiduciary relationship between the parties (*see East Midtown Plaza Hous. Co. v City of New York*, 218 AD2d 628, 629 [1995]). As noted earlier, there is no fiduciary relationship between plaintiff and BTM.

Plaintiff failed to submit any affidavits showing "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3211 [d]). Were we to consider her unpreserved argument that dismissal was premature because she needed discovery, we would find it unavailing. The issues that she men-

tions in her appellate brief (*e.g.*, whether she was represented by counsel when she signed the release) are either irrelevant or depend on circumstances within her own knowledge.

Since defendants failed to cross-appeal, we do not consider their argument that the motion court should have sanctioned plaintiff for bringing a frivolous action. In any event, we would find it unavailing.

Turning now to the matrimonial action, the doctrines in connection with which plaintiff seeks nonparty discovery are either inapplicable or irrelevant. First, the doctrine of judicial estoppel or inconsistent positions is inapplicable because O'Neill did not secure a judgment in his favor in the New Jersey action (*see e.g. Baje Realty Corp. v Cutler*, 32 AD3d 307, 310 [2006]); the New Jersey court *denied* his application to terminate or reduce his alimony obligations to his former wife. As for the tax returns, plaintiff has cited no cases showing that they constitute a "prior legal proceeding" (*id.*).

Second, collateral estoppel is inapplicable if an issue has not been fully litigated, *e.g.*, if there has been a stipulation (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]). The New Jersey action ended in a consent order.

Third, res judicata applies when "a claim is brought to a final conclusion" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). The New Jersey court dismissed O'Neill's application without prejudice.

Finally, an informal judicial admission "is not conclusive" (*Baje Realty*, 32 AD3d at 310). Therefore, even if O'Neill had previously acted as if the postnuptial agreement were valid, this did not obviate the need for a hearing on the validity of the notarization (*see Matisoff v Dobi*, 90 NY2d 127, 130-131 [1997]). Concur—Mazzarelli, J.P., Sweeny, Malone and Kavanagh, JJ.