■ GLORIA ROBINSON, Respondent, v MOSES CRAWFORD et al., Defendants, and J.P. MORGAN CHASE BANK, Appellant. GLORIA ROBINSON, Respondent, v MOSES CRAWFORD et al., Defendants, and PHOUNG QUOC TRAN et al., Appellants. [847 NYS2d 167]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about April 13, 2007, which, inter alia, denied the motion of defendant J.P. Morgan Chase (Chase) to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against Chase. The Clerk is directed to enter judgment accordingly. Order, same court and Justice, entered April 12, 2007, which, inter alia, denied defendant Phoung Quoc Tran's motion and defendant Christopher E. Finger's cross motion to dismiss the complaint, unanimously modified, on the law, so as to dismiss the cause of action for fraud against defendant Finger, and otherwise affirmed, without costs.

Contrary to defendants' arguments, plaintiff's claims are not barred by the doctrine of collateral estoppel since the Civil Court proceedings in which she previously raised them were disposed of by stipulation (*Angel v Bank of Tokyo-Mitsubishi, Ltd.*, 39 AD3d 368, 371 [2007]).

Defendants Chase and Finger are correct that plaintiff's cause of action for fraud is not adequately pleaded as against them. As to Chase, plaintiff alleges fraud by omission. However, "an omission does not constitute fraud unless there is a fiduciary relationship between the parties" (*SNS Bank v Citibank*, 7 AD3d 352, 356 [2004]). Plaintiff had no relationship with Chase.

As to Finger, the attorney who represented the purchaser in a transaction in which plaintiff sold her home but which she maintains was intended to be a refinancing of her home, plaintiff fails to allege that he made any representation, fraudulent or otherwise, to her (*National Westminster Bank v Weksel*, 124 AD2d 144, 147 [1987], *lv denied* 70 NY2d 604 [1987]).

Plaintiff's remaining causes of action against Chase are inadequately pleaded, barred by the applicable statutes of limitations, or rendered moot by the fact that defendant James Polite, who purchased plaintiff's home, paid the Chase mortgage in full prior to the commencement of this action. Concur—Lippman, P.J., Mazzarelli, Andrias, Buckley and Sweeny, JJ.