■ FACTORY MUTUAL INSURANCE COMPANY, as Successor in Interest to ARKWRIGHT MUTUAL INSURANCE COMPANY, Formerly Known as ARKWRIGHT-BOSTON MANUFACTURERS MUTUAL INSURANCE COMPANY, Appellant, and UTICA MUTUAL INSURANCE COMPANY, Appellant, v MUTUAL MARINE OFFICE, INC., Respondent. [868 NYS2d 521]—

The court properly interpreted the arbitration clause with respect to the arbitrability of matters "not specifically covered" in the underlying agreement; the contrary interpretation proffered by the insurers would render the word "specifically" meaningless (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]). Mutual Marine's interpretation was not precluded by its unsuccessful argument in another case (*see Baje Realty Corp. v Cutler*, 32 AD3d 307, 310 [2006]). Arbitration was not barred by the inclusion of a reformation claim (*see Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 792-793 [1976]), the timeliness of which was for the arbitrators to evaluate in the absence of an explicit provision that the issue is reserved for a court of law (*see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247, 252-253 [2005]).

In view of the foregoing, we need not address appellants' other contentions, which are, in any event, unavailing. Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.