■ In the Matter of the Foreclosure of Tax Liens by COUNTY OF SULLIVAN. COUNTY OF SULLIVAN, Appellant; CONGREGATION KHAL CHASIDE SKWERA, INC., Respondent. [926 NYS2d 737]—

Rose, J.P.

In February 2009, County Court entered a default judgment of foreclosure in an in rem proceeding against respondent with respect to certain real property it owned in the Town of Mamakating, Sullivan County. Petitioner took title to the property by deed recorded February 27, 2009 and, in March 2009, informed respondent that it would sell the property at public auction in June 2009 if respondent did not avail itself of petitioner's program permitting repurchase of the property upon payment of all delinquent taxes, interest and penalties by April 20, 2009. After missing the deadline to repurchase, respondent applied to County Court by order to show cause, purportedly within the context of the in rem proceeding, for a preliminary injunction preventing the sale of the property at auction and an order extending respondent's offer to permit it to repurchase the property. Respondent did not contest or seek to vacate the judgment of foreclosure, going so far as to stipulate that notice of foreclosure was properly mailed. Instead, respondent sought equitable relief allowing it another opportunity to repurchase the property. County Court granted the preliminary injunction and, after a hearing, issued an order allowing respondent to repurchase the property upon payment of the amount owed. Petitioner appeals.*

We agree with petitioner that County Court lacked subject matter jurisdiction to grant the equitable relief awarded. "County Court enjoys limited jurisdiction and may exercise equity power only insofar as specifically provided by law" (*Matter of Hill v Marks*, 124 AD2d 445, 446 [1986] [citations omitted]; *see* NY Const, art VI, § 11 [b]). While it is true that County Court has equity jurisdiction in proceedings pursuant to RPTL article 11 (*see* Judiciary Law § 190-b [1]; RPTL 1120 [2]), the court may not disrupt petitioner's title to the property without authorization and in violation of the applicable statutory provisions (*see Seif v City of Long Beach*, 286 NY 382, 387-388 [1941] ["equitable powers of the courts may not be invoked to sanction disregard of statutory safeguards and restrictions"]; 55 NY Jur 2d, Equity § 8).

---

* Respondent has not appeared on the appeal.

Here, as a result of the default judgment and subsequent deed, petitioner acquired full and complete title to the property (*see* RPTL 1136 [3]; *Anderson v Pease*, 284 AD2d 871, 873 [2001]). County Court has authority to reopen the default judgment only where the motion to do so is brought within one month after its entry (*see* RPTL 1131; *Matter of Clinton County [Zachary]*, 299 AD2d 709, 710 [2002], *lvs dismissed* 99 NY2d 610 [2003], 100 NY2d 574 [2003]). Having failed to redeem its interest, answer the foreclosure proceeding or seek to reopen the default in a timely manner, respondent was "forever . . . barred and foreclosed of all right, title, and interest and equity of redemption" in the property (RPTL 1131; *see* 1136 [3]). Ignoring this proscription, County Court erroneously exceeded its equity power (*see e.g. IndyMac Bank, F.S.B. v Yano-Horoski*, 78 AD3d 895, 896 [2010]; *Matter of Hill v Marks*, 124 AD2d at 446; *see also Golde Clothes Shops, Inc. v Loew's Buffalo Theatres, Inc.*, 236 NY 465, 470 [1923] ["A court of equity cannot divest legal titles, except in accordance with its settled and acknowledged jurisdiction" (internal quotation marks and citation omitted)]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order and judgment is reversed, on the law, and motion denied.