Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 8, 2012, which, insofar appealed from as limited by the briefs, denied plaintiff’s motion for summary judgment on its complaint and dismissing defendants’ affirmative defenses, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The motion court erred in denying plaintiff summary judgment. Plaintiff established its entitlement to the damages sought, $96,509.53, under the Lease Agreement, the Agreement to Advance Funds and Security Agreement, and defendant Dhama’s guaranties (first, second, third, and fifth causes of action), and to $5,432.84 in attorneys’ fees and disbursements (fourth cause of action). Defendants do not dispute plaintiffs calculations of the amounts due, and they do not contend that any of the contracts they signed are unconscionable. Plaintiff is also entitled to dismissal of defendants’ affirmative defenses. As to the first, collateral estoppel, it is undisputed that the prior Civil Court proceeding between nonparty (to this action) Parata Systems, LLC (Parata) and Venkany, Inc. was resolved by a stipulation of settlement. “ [Collateral estoppel is inapplicable if . . . there has been a stipulation” (Angel v Bank of Tokyo-Mitsubishi, Ltd., 39 AD3d 368, 371 [1st Dept 2007]; see also Robinson v Crawford, 46 AD3d 252 [1st Dept 2007]). The second affirmative defense, that defendants own the subject equipment, is belied by the clear language of the Lease Agreement.
If we were to consider defendants’ res judicata argument— which they eschew on appeal—we would find that, although this doctrine applies to settlements (see e.g. Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 124 [2008], cert denied 555 US 1136 [2009]), defendants failed to raise a triable issue of *517 fact as to whether plaintiff was in privity with Parata. Plaintiff and Parata are separate companies; plaintiff’s address is in Michigan, and Parata’s is in North Carolina. The Lease Agreement that defendant Dhama signed as Venkany’s president states, “LESSOR [i.e., plaintiff] IS NOT AFFILIATED WITH OR RELATED TO PARATA.” It is of no moment that Dhama dealt with only one person when he leased the machine at issue; the Lease Agreement and the Agreement to Advance Funds and Security Agreement, both of which Dhama signed on Venkany’s behalf, state that neither Parata nor any salesperson is plaintiffs agent. Contrary to the motion court’s conclusion, the record contained no evidence that Parata’s lawyer said that he had the authority to represent plaintiff. Concur—Mazzarelli, J.P., Friedman, Renwick and Freedman, JJ.