In the Matter of TAMAR AMONA, Appellant, v COUNTY OF ORANGE et al., Respondents, et al., Respondents. [1 NYS3d 166]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the respondent/defendant County of Orange to rescind and annul a deed to certain real property to the respondent/defendant Open Space Conservancy, and action, among other things, to vacate a default judgment entered July 5, 2011, in favor of the respondent/defendant County of Orange in a related in rem tax lien foreclosure proceeding commenced in the Supreme Court, Orange County, under Index No. 12158/09, the petitioner/plaintiff appeals from (1) an order of the Supreme Court, Orange County (Bartlett, J.), dated July 27, 2012, which granted the motion of the respondent/defendant Open Space Conservancy, in effect, to dismiss the petition/complaint, and (2) a judgment of the same court dated October 15, 2012, which, upon the order, in effect, dismissed the proceeding/action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents/defendants County of Orange, Commissioner of Finance of Orange County, Joel Kleiman, and County Executive Edward Diana, and to the respondent/defendant Open Space Conservancy, appearing separately and filing separate briefs, payable by the petitioner/plaintiff.

The appeal from the order must be dismissed because the right of direct appeal from so much of the order as granted the motion of the respondent/defendant Open Space Conservancy, in effect, to dismiss the petition/complaint terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]), and because there is no right of appeal from an interlocutory order entered in a proceeding pursuant to CPLR article 78 (see CPLR 5701 [b] [1]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

At one time, the petitioner/plaintiff, Tamar Amona, owned certain real property, consisting of 89 acres of unimproved land.

After Amona failed to pay real estate taxes on the property for the tax years 2009 and 2010, the County of Orange commenced an in rem tax lien foreclosure proceeding against the property. Pursuant to RPTL 1125 (1) (b), notice of the foreclosure proceeding, as well as of the deadline for redemption of the property, was mailed to Amona at the address listed for her in the Town of Greenville tax roll and on the deed to the property. The County also posted notice of the foreclosure proceeding on the property itself, in its office of the Department of Finance, the County Clerk's office, and the County courthouse, and published notice in six local newspapers. Amona failed to appear in the foreclosure proceeding and also failed to redeem the property by the relevant deadline. A default judgment was entered July 5, 2011, in favor of the County. Sometime thereafter, the property was transferred via foreclosure to the County, which, pursuant to a resolution of the County Legislature, subsequently sold it to the respondent/defendant Open Space Conservancy (hereinafter the Conservancy).

Amona then commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the County and certain of its officials (hereinafter collectively the County respondents/defendants) to rescind and annul the deed to the subject property to the Conservancy, and action, among other things, to vacate the default judgment. In the petition/complaint, Amona asserted, inter alia, that she was unlawfully deprived of her property since, after the notices had been sent and posted, she informed the County, through its Department of Finance, that she had changed her address, and provided it with her new address. Amona also contended that she had entered into a payment plan with the County to pay her back taxes, but was never informed that partial payment of the back taxes owed would not forestall the foreclosure proceeding.

In their answer, the County respondents/defendants asserted several objections in point of law, including that Amona "is improperly bringing this proceeding in the form of an Article 78, and an [sic] RPAPL Article 15 action, when she is really moving to vacate the relevant deed and judgment." The Conservancy moved, in effect, to dismiss the petition/complaint for failure to state a cause of action, asserting, among other things, that Amona should have sought relief in the foreclosure proceeding, and that she was improperly seeking to collaterally attack the default judgment of foreclosure in this proceeding/action.

The Supreme Court properly granted the Conservancy's motion, in effect, to dismiss the petition/complaint. The relief sought herein by Amona should have been pursued by way of a

motion to vacate the judgment pursuant to CPLR 317 or 5015 (a) in the in rem tax lien foreclosure proceeding (*see Matter of Limitone Enters., Inc. v Walker*, 102 AD3d 697, 697-698 [2013]; *Egloff v Town of Lewisboro*, 89 AD3d 792, 793 [2011]; *Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc.*, 83 AD3d 1060, 1061 [2011]). "A plenary action or proceeding for such relief does not lie and must be dismissed" (*IndyMac Bank, F.S.B. v Vincoli*, 105 AD3d 704, 706 [2013]). Since Amona has improperly sought to collaterally attack the judgment by way of this proceeding/action, the Supreme Court properly, in effect, dismissed the proceeding/action.

Moreover, Amona's default in the foreclosure action forever barred and foreclosed her of "all right, title, and interest and equity of redemption in and to the parcel" in which she had had an interest (RPTL 1131). Thus, Amona has no standing to contest the County's sale of the property to the Conservancy (*see* RPTL 1136 [3]; *Matter of County of Sullivan [Congregation Khal Chaside Skwera, Inc.]*, 86 AD3d 671, 673 [2011]; *NYCTL 1996-1 Trust v King*, 13 AD3d 429, 430 [2004]).

In light our determination, we need not address the parties' remaining contentions. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.