Matter of County of Rockland v Walgiles Props., Inc. (2019 NY Slip Op 03047)





Matter of County of Rockland v Walgiles Props., Inc.


2019 NY Slip Op 03047


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-12789
 (Index No. 2265/13)

[*1]County of Rockland, appellant, 
v
Walgiles Properties, Inc., respondent.


Thomas E. Humbach, County Attorney, New City, NY (Charlotte Ramsey of counsel), for appellant.
Condon Catina & Mara, PLLC, Nanuet, NY (Laura M. Catina and Brian K. Condon of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to RPTL article 11 to foreclose a tax lien, the petitioner appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), entered November 14, 2017. The order, insofar as appealed from, granted those branches of the respondent's motion which were to permit it to redeem the subject property and to set aside a tax deed.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the respondent's motion which were to permit it to redeem the subject property and to set aside a tax deed are denied.
The County of Rockland commenced this proceeding to foreclose a tax lien encumbering real property located in Spring Valley (hereinafter the subject property) by petition dated November 12, 2014. The respondent, which was the subject property's record owner, defaulted in answering. On May 16, 2016, the Supreme Court entered a default judgment in favor of the County. The County then executed and recorded a tax deed conveying the subject property to itself in January 2017.
The respondent moved by order to show cause dated September 29, 2017, inter alia, to vacate the default judgment, set aside the deed, and to permit it "to redeem the Subject Premises and restor[e] title to the [respondent] as sole owner of the Subject Premises." The County opposed, arguing that the request to redeem was untimely under RPTL 1131. The respondent in reply insisted that it still had the equitable right of redemption because the County had not closed on its sale of the subject property. The respondent also submitted proof of a $25,000 payment into an escrow account, which in its view constituted payment of more than its outstanding tax bill. By order entered November 14, 2017, the Supreme Court denied that branch of the respondent's motion which was to vacate the default judgment. Nevertheless, the court granted those branches of the motion which were for permission to redeem the subject property, and to set aside the tax deed upon the respondent filing proof of payment of the outstanding tax debt within 30 days. The County appeals.
"In the event of a failure to redeem or answer by [a] person having the right to redeem [*2]or answer" in a proceeding pursuant to RPTL article 11, "such person shall forever be barred and foreclosed of all right, title, and interest and equity of redemption in and to the parcel in which the person has an interest and a judgment in foreclosure may be taken by default" under RPTL 1136(3) (RPTL 1131). "A motion to reopen any such default may not be brought later than one month after entry of the judgment" (id.).
Here, there is no dispute that the respondent failed to move pursuant to RPTL 1131 within one month of the entry of the default judgment on May 16, 2016. The respondent's untimeliness "forever . . . barred and foreclosed [it] of all . . . equity of redemption in and to the parcel" in which it formerly had an interest (RPTL 1131). The respondent was therefore not entitled to redeem the subject property (see id., RPTL 1136[3]; Matter of Amona v County of Orange, 123 AD3d 1117, 1119; Matter of County of Sullivan [Congregation Khal Chaside Skwera, Inc.], 86 AD3d 671, 672-673). The respondent's belated attempt to tender payment of the past due taxes was of no consequence (see RPTL 1131, 1136[3]; Matter of County of Sullivan [Congregation Khal Chaside Skwera, Inc.], 86 AD3d at 672-673; Matter of Clinton County [Fortunatus], 299 AD2d 774, 774-775; cf. Matter of Dutchess County [Putnam County Natl. Bank of Carmel], 107 AD3d 989, 990-991. Accordingly, the Supreme Court should have denied the subject branches of the respondent's motion.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court