Stevens v Audthan, LLC (2025 NY Slip Op 06922)

Stevens v Audthan, LLC

2025 NY Slip Op 06922

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Index No. 101842/19|Appeal No. 5349|Case No. 2025-00740|

[*1]Joseph Stevens, Plaintiff-Appellant,
v
Audthan, LLC, et al., Defendants-Respondents.

Joseph Stevens, appellant pro se.
Hertz, Cherson & Rosenthal, P.C., Forrest Hills (Jeffrey M. Steinitz of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 23, 2024, which denied plaintiff's motion for summary judgment on his breach of contract cause of action and granted defendants' cross-motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff and a long-time roommate were the rent-regulated tenants of a single room occupancy unit (SRO) in Manhattan. Defendants entered into separate temporary relocation agreements (TRA) with plaintiff and his roommate to house them in temporary relocation apartments during the pendency of a construction and renovation project. The TRAs contemplated that each tenant would have the option to return to the building once construction was complete, at which time they would have separate units. However, the construction work was never completed. Pursuant to the plaintiff's TRA, defendants then offered him the option of remaining in his temporary relocation apartment or returning to his original SRO. Plaintiff sent a lengthy response, electing to move back into his original SRO together with his long-time roommate.
Much litigation ensued, including a plenary lawsuit in which plaintiff claimed that defendants had breached their TRA by requiring that he share his original unit with a co-tenant. The court properly granted defendants' motion for summary judgment dismissing plaintiff's claim that defendants breached their TRA with him.
To the extent that plaintiff had a claim that he was entitled to live in his original SRO alone, he waived it by sending a written notice to defendants electing to move into that unit with his long-term roommate.
In addition, a written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms (see Beinstein v Navani, 131 AD3d 401, 405 [1st Dept 2015]). Paragraph 8(f) of plaintiff's TRA clearly states that if defendant Clinton Housing Development Company Inc. (CHDC) ceases to be the managing agent of the construction project, plaintiff has the option of returning to the original SRO unit he resided in prior to the temporary relocation or remaining in the apartment to which he was relocated. It says nothing about residing in the unit alone; indeed, when CHDC did cease to be managing agent, plaintiff notified CHDC that he opted to return to the original SRO with his former roommate. Plaintiff provided no credible evidence that he was deceived or coerced into signing the TRA, which contained a merger clause providing that the signed contract comprised the entire agreement between the parties.
Furthermore, plaintiff is judicially estopped from insisting in this action that he is entitled to return to the original unit without his roommate. The doctrine of judicial estoppel precludes a party who assumed a certain position in a prior proceeding, and who secured a judgment in his or her favor, from assuming a contrary position in another action simply because his or her interests have changed (see Baje Realty Corp. v Cutler, 32 AD3d 307, 310 [1st Dept 2006]). Plaintiff and his roommate, in an illegal lockout proceeding against the property owner, took the position that they both had the right to possession of the original unit, and the Civil Court agreed. Plaintiff cannot now take the position that it is only he who was entitled to take possession as the sole tenant merely because his interests have changed.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025